UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| In Re:<br>　　Damion M. Shilling<br>　　　Debtor<br>---------------------------------------<br>Select Portfolio Servicing, Inc., as servicer for The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1<br>　　　　Movant<br>v.<br>Damion M. Shilling<br>　　Debtor<br>Ronda J. Winnecour<br>　　　Trustee,<br>　　　　Respondent(s) | Chapter 13<br><br>Case Number: 21-70429-JAD |

**RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY WITH RESPECT TO PROPERTY: 733
PORTAGE ROAD, CRESSON, PA 16630**

　　**Debtors**, through its Counsel, Willis & Associates, respectfully requests the Court deny the Motion for Relief and in support thereof respectfully represents as follows:

1. It is admitted that the movant is Select Portfolio Servicing, Inc., as servicer for The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 (hereafter referred to as "Movant").

2. It is admitted that the debtor, Damion M. Shilling (hereinafter, "Debtor"), is, upon information and belief, an adult individual whose last-known address is 733 Portage Road, Cresson, PA 16630 (hereafter referred to as the "Property").

3. It is admitted that on February 3, 2005, Rosalyn A. O`Neill, executed and delivered a Note in the principal sum of $77,000.00 to The CIT Group/Consumer Finance, Inc.

4. It is admitted that as security for the repayment of the Note, Rosalyn A. O`Neill, executed and delivered a Mortgage to Mortgage Electronic Registration Systems, Inc., as Nominee for The CIT Group/Consumer Finance, Inc., its Successors and Assigns.

5. It is admitted that by assignment of mortgage, the loan was ultimately assigned to The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1.

6. It is admitted that the Mortgage encumbers the Property.

7. It is admitted that Rosalyn A. O'Neill departed this life on or about January 6, 2013.

8. It is admitted that just prior to her passing, Rosallyn A. O'Neill deeded the Property to Cecelia R. O'Neill by Special Warranty Deed dated December 31, 2012 and recorded with Cambria County Recorder of Deeds on January 7, 2013 at Book 2561, Page 1319 with an Instrument Number of 005438970003.

9. It is admitted that Cecelia R. O'Neill subsequently deeded the Property to Damion M. Shilling and Kyanna D. Shilling by Quit Claim Deed dated September 14, 2018, and recorded Cambria County Recorder of Deeds on September 26, 2018, at Instrument Number of 2018-00010232.

10. It is admitted that, Debtor is a current owner of the Property.

11. It is admitted that the debtor filed the instant Chapter 13 Bankruptcy on November 11, 2021, and as a result, the state court proceedings were stayed.

12. It is denied that Debtor filed the instant bankruptcy as an additional delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

13. It is admitted that the Debtor's mortgage loan is in default at the time of the filing.

14. Debtor is without sufficient knowledge as to what addition, Movant has incurred counsel fees and costs in association with the motion.

15. Denied Debtor is substantially current on payments to the trustee however they appear to be running approximately 30 days in arrears which may be due to how payments post.

16. It is admitted Debtor's Schedule D indicates a valuation of the property in the amount of $90,000.00, the property is necessary for an effective reorganization.

17. Denied Debtor is substantially current on payments to the trustee however they appear to be running approximately 30 days in arrears which may be due to how payments post.

18. Debtors opposes the Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Debtor, , respectfully requests this Court to deny the Motion for relief under 11 U.S.C. §362 from the automatic stay as set forth.

Respectfully Submitted:

Willis & Associates

By:s/ Lawrence Willis

Lawrence Willis Esq
PA 85299
201 Penn Center Blvd
Suite 310
Pittsburgh PA 15235
412-235-1721
Email: lawrencew@westernpabankruptcy.com

Date: September 23 2022